UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| RAQUEL GARCIA, | ) CV 14-00796-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| ———————————————————— | ) |

This matter is before the Court for review of the Decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the certified transcript of record, and each party has filed its supporting brief. After reviewing the

1

matter, the Court concludes the Decision of the Commissioner should be affirmed.

# I. BACKGROUND

Plaintiff, Raquel Garcia, applied for Disability Insurance Benefits on July 22, 2011.  (AR 66).  Plaintiff alleges disability commencing February 24, 2011.  (AR 10, 12).  The Commissioner denied the Application initially.  (AR 88-92).  A hearing on the claim was conducted on October 25, 2012.  (AR 28-65).  On December 4, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision.  (AR 7-27).  The Appeals Council denied the request for review.  (AR 1-4).  Plaintiff commenced this civil action seeking judicial review.

# II. DISCUSSION

### A.     The ALJ Properly Considered the Treating Physician's Findings Regarding Plaintiff's Physical Residual Functional Capacity

Plaintiff argues that the ALJ failed to properly consider the physical residual functional capacity assessed by Plaintiff's treating physician, Dr. Brian Nguyen.[1]  Defendant responds that the ALJ provided substantial evidence for giving little weight to Dr. Nguyen's medical opinion.

At the hearing, the Plaintiff testified she was unable to work due to symptoms associated with fibromyalgia, back pain, neck pain, right shoulder pain, diabetes, and depression.  (AR 15).

The ALJ found Plaintiff has the following severe medical impairments: fibromyalgia, mild degenerative disc disease of the lumbar spine, mild degenerative disc disease of the cervical spine; degenerative joint disease of the

---

[1]  Dr. Nguyen also submitted a statement of mental limitations which the ALJ similarly gave "little weight."  (AR 20-21; 342-43).   This Decision is limited to the sole issue raised in Plaintiff's brief, whether the ALJ properly considered Dr. Nguyen's opinion of physical limitations. Pl. Br. 2.

right shoulder, insulin dependent diabetes mellitus, and depression.  (AR 12).
The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to
perform a range of light work as defined in 20 C.F.R. § 404.1567(b) (lifting up to
20 pounds occasionally, with 10 pounds frequently and walking and/or standing
for up to 6 hours a day).  (AR 14).  Further the ALJ found: Plaintiff can never
climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs;
she can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently
handle and finger bilaterally; she can occasionally do overhead reaching; she is
limited to occasional exposure to temperature extremes of hot and cold; she can
have no to rare exposure to unprotected heights and she is limited to
remembering and carrying out unskilled work.  (AR 14).

In assessing Plaintiff's RFC the ALJ gave "little weight" to Dr. Nguyen's
opinion that Plaintiff can perform less than a light range of work.  (AR 20).  In a
form entitled "Medical Opinion Re: Ability to do Work-Related Activities
(Physical)" dated June 18, 2012, Dr. Nguyen stated the following limitations:
Plaintiff has the maximum ability to lift and carry 10 pounds during an 8-hour
work day; can stand and walk less than 2 hours during an 8-hour work day; can
sit for 5 minutes before changing position; can stand for 5 minutes before
changing position; must walk about every 10 minutes for about 15 minutes each
time; needs the opportunity to shift at will from sitting or standing/walking;  may
need to lie down at unpredictable intervals during a work shift every 5-15
minutes; can occasionally twist, stoop, crouch, climb stairs, and climb ladders;
should avoid concentrated exposure to extreme cold, humidity, and hazards
(machinery, heights, etc.) and should avoid moderate exposure to extreme heat,
fumes, order, dusts, gases, and poor ventilation.  (AR 345-47).  Dr. Nguyen also
indicated that on average Plaintiff's impairments and treatments would cause her
to be absent from work no more than three times a month.  (AR 347).

3

1    Although a treating physician's opinion is generally afforded the greatest
2    weight in disability cases, it is not binding on an ALJ with respect to the
3    existence of an impairment or the ultimate determination of disability. Batson v.
4    Comm'r., 359 F.3d 1190, 1195 (9th Cir. 2004). The weight given a treating
5    physician's opinion depends on whether it is supported by sufficient medical
6    data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(b)-
7    (d). The ALJ may disregard the treating physician's opinion whether or not that
8    opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
9    1989). Where the treating doctor's opinion is not contradicted by another doctor,
10   it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81
11   F.3d 821, 830 (9th Cir. 1995)(as amended). If the treating doctor's opinion is
12   contradicted by another doctor, the ALJ must provide "specific and legitimate
13   reasons" for rejecting the treating physician's opinion. Orn v. Astrue, 495 F.3d
14   625, 632 (9th Cir., 2007).

15       Additionally, where evidence is susceptible to more than one rational
16   interpretation, it is the ALJ's conclusion that must be upheld. Burch v. Barnhart,
17   400 F.3d 676, 679 (9th Cir 2005). "The key question is not whether there is
18   substantial evidence to support a finding of disability, but whether there is
19   substantial evidence to support the Commissioner's actual finding that the
20   claimant is not disabled." Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir.
21   1997). "Substantial evidence is more than a scintilla but less than a
22   preponderance—it is such relevant evidence that a reasonable mind might accept
23   as adequate to support the conclusion." Orteza v. Shalala, 50 F.3d 748, 749 (9th
24   Cir.1995).

25       Here, the ALJ provided the following specific and legitimate reasons,
26   supported by substantial evidence, for giving little weight to Dr. Nguyen's
27   medical opinion of functional limitations: (1) Dr. Nguyen's assessment that
28   Plaintiff's functional limitatio preclude her from working at a level of substantial

4

1  gainful activity is an issue reserved to the Commissioner; (2) Dr. Nguyen's
2  opinion is not supported by the objective medical evidence; and (3) Dr.
3  Nguyen's opinion is inconsistent with his own treatment notes.  (AR 20).

4      Firstly, the ALJ stated that Dr. Nguyen's opinion on an issue reserved to
5  the Commissioner was not entit, "Dr. Nguyen assessed functional limitations that
6  would preclude the [Plaintiff] from working at the level of substantial gainful
7  activity.  As an opinion on an issue reserved to the Commissioner, this statement
8  is not entitled to controlling weight and is not given special significance,
9  pursuant to 20 C.F.R. § 404.1527[d] and SSE 96-5."  (AR 20).

10      Plaintiff argues this indicates the ALJ improperly "rejected" the treating
11  physician's opinion.  Pl. Br. 5.  However, the statute is clear, "[O]pinions on
12  issues reserved to the Commissioner [are not medical opinions] because they are
13  administrative findings that are dispositive of a case; *i.e.,* that would direct the
14  determination or decision of disability."  20 C.F.R. § 404.1527(d)(1).  "Although
15  we consider opinions from medical sources on issues such as…your residual
16  functional capacity… the final responsibility for deciding these issues is reserved
17  to the Commissioner."  20 C.F.R. § 404.1527(d)(2).  The ALJ "will not give any
18  special significance to the source of an opinion on issues reserved to the
19  Commissioner." 20 C.F.R. § 404.1527(d)(3).  Furthermore, SSR 96-5 states,
20  "[T]reating source opinions on issues that are reserved to the Commissioner are
21  never entitled to controlling weight or special significance."  SSR 96-5.

22      A review of the Decision shows that the ALJ did not simply ignore Dr.
23  Nguyen's opinion.  Rather, the ALJ clearly states that Dr. Nguyen's assessment
24  is neither binding nor dispositive on the issue of disability and in addition to
25  other reasons, further discussed below, the ALJ decided to give it "little weight."
26  (AR 20).  Therefore, in regards to the final determination of RFC, the ALJ
27  correctly reasoned that the Dr. Nguyen's opinion of disability was not entitled to
28  controlling weight nor given special significance.

Secondly, the ALJ gave little weight to Dr. Nguyen's opinion because the diagnostic tests in the record showed minimal positive findings or were normal. (AR 20). In the "Medical Opinion Re: Ability to do Work-Related Activities (Physical)", Dr. Nguyen identified "MRI- C spine, MRI- L spine, and Nerve Conductive Studies" as the medical findings to support the functional limitations identified. (AR 346). However, the ALJ provided a detailed summary of the entire medical record and determined the findings from objective diagnostic tests (including the MRI and Nerve Studies) and treatment records did not support the level of functional limitations identified by Dr. Nguyen. (AR 15-21). See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (An ALJ need not accept an opinion if it is inadequately supported by clinical findings).

In regards to Plaintiff's fibromyalgia, the physical examinations by Dr. Nguyen revealed muscle ache and pain, muscle spasm, decreased range and tenderness to palpitation. (AR 262, 264). Nonetheless, Plaintiff received routine and conservative treatment consisting of prescription medication, Tordal injections (a nonsteroidal anti-inflammatory drug), hormone replacement therapy, and a gluten free diet. (AR 2558-81, 353, 357-58). In addition to her conservative treatments, many of the diagnostic tests performed by Dr. Nguyen did not yield any significant results. Plaintiff's February 2011 MRI of the brain was normal. (AR 254). A November 2011 dexa bone density test of the hip and spine yielded normal results. (AR 248). The April 2012 x-rays of the bilateral hip and pelvis, right clavicle, and thoracic spine were normal. (AR365-67). Additionally, the June 2012 Nerve Conductive Studies showed normal results. (AR 20, 350).

The ALJ also addressed the records for Plaintiff's right shoulder, neck and back pain, including any positive findings from objective diagnostic tests. An April 2012 x-ray of Plaintiff's right shoulder indicated degenerative joint disease of the right shoulder. (AR 17; 363). The March 2011 MRI of the cervical spine

revealed degenerative disc disease associated with congenitally short pedicles causing trace spinal stenosis (but no neural foraminal narrowing).  (AR 17, 252-53).  Additionally, a June 2012 MRI of the lumbar spine showed disc disease and facet disease at L4-L5 causing only minimal neural foraminal narrowing and mild disc and facet disease at L3-L4 and L5-S1.  (AR 17, 361-362).

The ALJ found that the positive findings were "minimal" based on Plaintiff's routine and conservative treatment of physical therapy, pain injections (later discontinued), and pain medication.  (AR 261, 264-67, 271, 274).  Further, Plaintiff's November 2011 dexa bone density test of the spine yielded normal results.  (AR 248).  In addition, the April 2012 x-rays show minimal degenerative change in lumbar spine,  and x-rays of the right clavicle and thoracic spine were normal.  (AR 365-66).

Regarding Plaintiff's diabetes mellitus, type 2, the ALJ noted Plaintiff's treatment was conservative consisting of prescription medication and insulin.  (AR 18, 256,260, 263, 272, 276).  Plaintiff was referred by Dr. Nguyen to an endocrine consultation with Dr. Bill Jou on June 11, 2010.  (AR 18, 336-338).  The evaluation indicated that Plaintiff did not comply with her diabetes management, including "not injecting her insulin consistently and skipping her shot when her sugars were low."  (AR 18, 336).  In addition, the physical examination revealed negative diabetic foot examination and a normal neurological examination.  (AR 18, 338).  Moreover, although Plaintiff complained of tingling and numbness on May 12, 2012, Dr. Nguyen wrote that Plaintiff's sugars were "more controlled" and "everything keeps showing up normal in her blood work."  (AR 18, 354).  The ALJ also considered the June 12, 2012 treatment note where Dr. Nguyen noted,  under numbness and tingling, the "MRI of the neck did not show anything to correlate with her [symptoms]" and "not sure what else could be causing the symptoms."  (AR 18, 353).

1    Based on the ALJ's thorough examination of the entire medical record, the
2  ALJ did not selectively review the treating records.   Here, the ALJ provided
3  substantial evidence to find that Dr. Nguyen's opinion of physical residual
4  functional capacity was not supported by the objective medical evidence.

5    Lastly, the ALJ gave only "little weight" to Dr. Nguyen's opinion because
6  the opinion was inconsistent with his own treatment notes.  (AR 20).   In
7  Valentine v. Commissioner, the court found that a contradiction between the
8  treating physician's opinion and treatment notes constitutes a specific and
9  legitimate reason, support by substantial evidence, for discounting that opinion.
10  57 4 F.3d 685, (9th Cir. 2009).  In Valentine, the ALJ identified inconsistency
11  with the treating psychologist's opinion (that the claimant was unemployable
12  while acknowledging he was continuing to work full-time) and the treating
13  psychologist's own treatment progress reports that showed claimant's improved
14  functioning at work and encouraging comments he received from company
15  officials.  574 F.3d 685, 692-93 (9th Cir. 2009).

16    Similarly, Dr. Nguyen cites to the MRI and Nerve Conductive Studies as
17  the medical findings supporting his opinion of Plaintiff's functional limitation.
18  However, the ALJ identified statements by Dr. Nguyen in his treatment notes that
19  indicates he could not explain the Plaintiff's symptoms based on the objective
20  medical findings.  On May 12, 2012, under fibromyalgia, Dr. Nguyen wrote "I
21  am wondering if the location she lives is playing a role in her medical condition
22  since nothing is showing up positive of explaining her symptoms."  (AR 355).
23  On June 12, 2012, regarding Plaintiff's complaints of numbness and tingling, he
24  wrote  "MRI of neck is not showing anything significant to correlate with her
25  [symptoms]. Not sure what else could be causing her [symptoms]."  (AR 353).
26  In addition, the interpretation and conclusion of Plaintiff's Nerve Conductive
27  Studies states "normal study."  (AR 350).  Therefore, the ALJ properly afforded
28

8

Dr. Nguyen's findings little weight due to the contradiction between his opinion and treatment notes.

Furthermore, even if Plaintiff can present another reasonable interpretation of the evidence the ALJ's reasonable interpretation of the evidence will be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir 2005). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inference reasonably drawn from the record." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111 (9th Cir. 2012). Accordingly, the ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving the treating physician's opinion little weight.

## **ORDER**

The Court finds the ALJ properly considered the opinion of Dr. Nguyen, Plaintiff's treating physician.   For the foregoing reasons, the decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED:  <u>December 1, 2014</u>

_____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE